[Cite as *State v. Blair*, 2025-Ohio-5199.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA4104 |
| Plaintiff-Appellant, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Michael Blair, | : | **RELEASED 11/12/2025** |
| Defendant-Appellee. | : | |

_____

APPEARANCES:[1]

Chadwick K. Sayre, Special Prosecuting Attorney, Portsmouth, Ohio, for appellant.

Shahara Brown, Columbus, Ohio, pro se appellee.[2]

_____

Hess, J.

**{¶1}** The State of Ohio appeals from a judgment of the Scioto County Court of Common Pleas ordering the State to provide counsel for Shahara Brown with a redacted copy of a transcript from Michael Blair's criminal case. The State presents one assignment of error asserting that "[t]he trial court erred in ordering the Scioto County Prosecuting Attorney to provide a redacted transcript of an Ohio Crim. R. 16(F) in camera review hearing." For the reasons which follow, we sustain the assignment of error and reverse the trial court's judgment.

_____

[1] Michael Blair has not entered an appearance or otherwise participated in this appeal.
[2] Brown's counsel filed a motion to withdraw from representing her in this appeal, which we granted. Brown filed a document to update her address but did not file an appellee's brief.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Blair's Criminal Proceedings

**{¶2}**    In March 2020, the Scioto County grand jury issued a 65-count indictment against Blair and 18 others.  Pertinent here, Count 1 alleged that the defendants engaged in a pattern of corrupt activity and included a forfeiture specification for, among other things, property located at 2522 Scioto Trail, Portsmouth, Ohio.  Blair made a discovery demand, and the State's response included a Crim.R. 16(D) certification of nondisclosure. Blair asked the trial court to strike the certification and require immediate disclosure of the undisclosed material or order that a different judge conduct an in camera hearing pursuant to Crim.R. 16(F) to review the certification. The trial judge referred the certification matter to a different judge for hearing. The hearing occurred on November 29, 2021.  Subsequently, the hearing judge issued an entry stating that the State "did not abuse its discretion in certifying the documents as nondisclosure, nor was there any violation of the Defendant's rights to due process." The hearing judge also issued an agreed entry stating that the parties reached an agreement as to the disclosure and continued non-disclosure of various items and ordering compliance with the terms of the agreement.

**{¶3}**    Later, pursuant to a plea agreement, Blair pleaded guilty to Count 1 and two other offenses and agreed to forfeiture of the property in the Count 1 specification.  During the sentencing hearing, the trial court stated that it was going to order that all property in the Count 1 specification be forfeited to the State.  On March 23, 2022, the court issued a sentencing entry which stated:  "The defendant gives up any right, title and interest to all of the items listed in the forfeiture."

### B. Additional Forfeiture-Related Proceedings

**{¶4}** On July 8, 2022, Brown filed a pro se motion for release of property claiming that she became the owner of 2522 Scioto Trail in December 2021 and asking the court to let her keep living there. After the court set the matter for hearing, Brown filed a document stating she did not want to proceed with the motion because she could not miss work, and the court found that she had withdrawn the motion. In August 2022, the court issued a "nunc pro tunc" entry which modified the forfeiture language in the sentencing entry to state: "The Court finds that the defendant gives up any right, title and interest to the items listed in the forfeiture and ORDERS that all of the items listed in the Specification to Count 1 be forfeited to the State of Ohio." On January 12, 2023, the court issued a judgment entry for disposition of property ordering that all rights, title and interests in the property vested with the State. On February 2, 2024, Brown, through counsel, filed a motion for relief from judgment seeking relief from the January 12, 2023 judgment entry under Civ.R. 60(B). On May 14, 2024, the trial court issued a judgment entry denying the motion. The court concluded Civ.R. 60(B) was inapplicable, recast Brown's motion as a R.C. 2981.04 petition, and concluded it was untimely. On May 23, 2024, Brown filed an appeal from that judgment in Scioto App. No. 24CA4077.

### C. Transcript Dispute

**{¶5}** On July 30, 2024, the State moved the trial court for an order restricting public access to a case document in accordance with Sup.R. 45(E). Specifically, the State asked the court to restrict public access to the video/audio recordings and transcript of the November 29, 2021 hearing on the State's certification of nondisclosure. The same day, the trial court, through the hearing judge, issued an "order restricting public access."

The order states that the hearing judge considered "the public policy served by restricting access, whether there is a law exempting the record from public access and whether there is a risk of injury or other harm if the record is public" and found "clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest." The order states that "public access to the video/audio recordings and transcript of the November 29, 2021 hearing on the State's Nondisclosure certification shall be restricted in accordance with Supreme Court Rule of Superintendence 45(E)."

{¶6} On August 8, 2024, Brown filed a "motion for access to a restricted case document" pursuant to Sup.R. 45(E)(3). Brown asserted that Sup.R. 45(E)(3) requires that the court use the least restrictive means available when restricting public access, and the order restricting public access did "not state how the hearing transcript is to be restricted, whether the transcript will contain redactions, or whether an unredacted 'counsel only' version will be available to third party Ms. Brown's counsel." She asked the court to "use the least restrictive means in ordering restriction of the hearing transcript," let her counsel "have an unredacted version of the transcript in order to represent [her] interests in her appeal," and "order that the restricted or redacted version of the hearing transcript be filed on the Court's docket, pursuant to Sup. R. 45(E)(4)." The State opposed the motion.

{¶7} The trial judge conducted a hearing on the matter. Among other things, the State asserted that the transcript at issue was irrelevant to Brown's appeal and that she was not entitled to it under Sup.R. 45 because it was exempt from disclosure under state law, and it was a document to which public access had been restricted under Sup.R. 45(E) by the hearing judge. The State asserted that the hearing judge had authority to

issue the order restricting public access, that Brown did not appeal that order, and that she was trying to collaterally attack it "through these proceedings here today."  Brown's counsel asserted that Brown was not trying to challenge the hearing judge's orders "in any way."  Counsel asserted that Brown was asking for "perhaps a redacted version" of the transcript that counsel could review "to see if there is anything relevant to her appeal" instead of "simply taking the State's word for that."  Brown's counsel also asserted that "to the extent there is, you know, protections allowing the criminal defendant in his or her appeal to have their counsel review transcripts that may be restricted for one or another reason, we believe the same should apply to [Brown] in the sense that, you know, counsel should have a counsel only copy."

**{¶8}**  On October 4, 2024, the trial court, through the trial judge, issued a "judgment entry as to petitioner Shahara Brown."  The court ordered the State to "provide counsel for Shahara Brown a redacted copy of the transcript which will protect the names of informants and other protected material." The court ordered Brown's counsel to "not divulge any of the information contained in the transcript to her client nor any other individual outside their law firm."  This appeal followed.

## II.  ASSIGNMENT OF ERROR

**{¶9}**  The State presents one assignment of error:  "The trial court erred in ordering the Scioto County Prosecuting Attorney to provide a redacted transcript of an Ohio Crim. R. 16(F) in camera review hearing."

### III.  LAW AND ANALYSIS

### A.  Sup.R. 45

**{¶10}**  Sup.R. 45(A) states:  "Court records are presumed open to public access." Sup.R. 45(B)(1) states that "[a] court or clerk of court shall make a court record available by direct access . . . ."  Sup.R. 45(C)(1) authorizes a court or clerk of court to offer remote access to a court record.

**{¶11}**   As used in Sup.R. 45, "'[c]ourt record' means both a case document and an administrative document . . . ."  Sup.R. 44(B).  "'Case document' means a document and information in a document submitted to a court or filed with a clerk of court in a judicial action or proceeding, including exhibits, pleadings, motions, orders, and judgments, and any documentation prepared by the court or clerk in the judicial action or proceeding, such as journals, dockets, and indices, subject to the exclusions in [Sup.R. 44(C)(2)]." Sup.R. 44(C)(1).  Among other things, "[t]he term 'case document' does not include" "[a] document or information in a document exempt from disclosure under state, federal, or the common law," Sup.R. 44(C)(2)(a), and "[a] document or information in a document to which public access has been restricted pursuant to [Sup. R. 45(E)]," Sup.R. 44(C)(2)(c). "'Public access' means both direct access and remote access."  Sup.R. 44(I).  "'Direct access' means the ability of any person to inspect and obtain a copy of a court record at all reasonable times during regular business hours at the place where the record is made available."  Sup.R. 44(J).  "'Remote access' means the ability of any person to electronically search, inspect, and copy a court record at a location other than the place where the record is made available."  Sup.R. 44(K).

**{¶12}** Sup.R. 45(E) governs restricting public access to a case document. Sup.R. 45(E)(1) states:

> Any party to a judicial action or proceeding or other person who is the subject of information in a case document may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document. Additionally, the court may restrict public access to the information in the case document or, if necessary, the entire document upon its own order. The court shall give notice of the motion or order to all parties in the case. The court may schedule a hearing on the motion.

**{¶13}** Sup.R. 45(E)(2) sets forth the standard for restricting public access:

> A court shall restrict public access to information in a case document or, if necessary, the entire document, if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest after considering each of the following:
>
> (a) Whether public policy is served by restricting public access;
>
> (b) Whether any state, federal, or common law exempts the document or information from public access;
>
> (c) Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process.

**{¶14}** Sup.R. 45(E)(3) requires that the court "use the least restrictive means available" when restricting public access to a case document or information in a case document and gives a non-exhaustive list of examples, such as redacting the information rather than limiting public access to the entire document. Sup.R. 45(E)(4) states:

> If a court orders the redaction of information in a case document pursuant to this division, a redacted version of the document shall be filed in the case file along with a copy of the court's order. If a court orders that the entire case document be restricted from public access, a copy of the court's order shall be filed in the case file. A journal entry shall reflect the court's order. Case documents ordered restricted from public access or information in documents ordered redacted shall not be available for public access and shall be maintained separately in the case file.

**{¶15}** Sup.R. 45(F) addresses obtaining access to a case document that has been granted restricted public access and states:

> (1) Any person, by written motion to the court, may request access to a case document or information in a case document that has been granted restricted public access pursuant to division (E) of this rule. The court shall give notice of the motion to all parties in the case and, where possible, to the non-party person who requested that public access be restricted. The court may schedule a hearing on the motion.
>
> (2) A court may permit public access to a case document or information in a case document if it finds by clear and convincing evidence that the presumption of allowing public access is no longer outweighed by a higher interest. When making this determination, the court shall consider whether the original reason for the restriction of public access to the case document or information in the case document pursuant to division (E) of this rule no longer exists or is no longer applicable and whether any new circumstances, as set forth in that division, have arisen which would require the restriction of public access.

## B. State's Position

**{¶16}** In its sole assignment of error, the State contends that the trial court erred in ordering the Scioto County Prosecuting Attorney to provide a redacted transcript of a Crim.R. 16(F) in camera review hearing. The State suggests the transcript is not subject to release under Sup.R. 45 because it is exempt from disclosure under state law and therefore not a case document pursuant to Sup.R. 44(C)(2)(a). The State also asserts that the hearing judge's order "exempted the entire transcript from being a case document under Sup.R. 45(E)." The State acknowledges that under Sup.R. 45(F), a court may permit public access to a case document that has been granted restricted public access under certain circumstances. However, the State claims that the transcript "remains exempt from public disclosure." The State asserts that the trial court essentially overruled Brown's "motion to make a redacted public record" and instead gave her "a special right

not found in the Rules of Superintendence to a personal redacted transcript to be provided by the Prosecuting Attorney . . . ." The State also suggests that the trial court could not grant public access under Sup.R. 45(F) because the trial judge (1) did not find that the original reason for restricting public access no longer existed or was applicable; (2) did not consider whether any new circumstances had arisen which would require the restriction of public access; and (3) could not find by clear and convincing evidence that the presumption of allowing public access was no longer outweighed by a higher interest because Brown did not present any evidence, and the trial judge admitted to not knowing what was in the transcript. In addition, the State asserts that the Rules of Superintendence do not authorize a court to order a prosecuting attorney to respond to a records request for it.

### C. Analysis

**{¶17}** The trial court erred in ordering the State to provide a redacted transcript of the Crim. R. 16(F) hearing. On the State's motion, the trial court, through the hearing judge, treated the transcript as a case document and issued an order restricting public access to it in accordance with Sup.R. 45(E). Brown's counsel suggested the order was incomplete because Sup.R. 45(E)(3) requires that the court use the least restrictive means available when restricting public access, and the order did not state how the hearing transcript was to be restricted. However, it is evident that the hearing judge restricted public access to the entire transcript. Sup.R. 45(F) governs access to case documents that have been granted restricted public access and sets forth the requirements for a court to permit public access to the document or information in it. Brown did not argue that the trial court should permit public access to the transcript or

information in it under Sup.R. 45(F), and the trial court did not permit public access under that rule. Brown did not cite any legal authority which authorized the trial court to disregard the requirements of Sup.R. 45(F) and order the State to give her counsel a redacted copy of the transcript, and we are not aware of any such authority. Accordingly, we sustain the sole assignment of error and reverse the trial court's judgment.

JUDGMENT REVERSED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that pro se appellee Brown shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Smith, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**